

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

AP-76,059 & AP-76,060

EX PARTE TERRENCE LADON BROADWAY

On Applications for Writs of Habeas Corpus from
Harris County

*WOMACK, J., filed a concurring opinion, in which JOHNSON, J., joined .*

I join the Court's opinion, and I file this opinion only to comment on its use of the

term "plea-bargain case."

As the Court's opinion points out, *ante* at note 3, we have given that term a special

definition in Rule of Appellate Procedure 25.2(a)(2): "In a plea bargain case – that is, a

case in which a defendant's plea was guilty or nolo contendere and the punishment did

not exceed the punishment recommended by the prosecutor and agreed to by the defen-

dant …." (In such a case a defendant's right to appeal is limited to "only (A) those

matters that were raised by written motion filed and ruled on before trial, or (B) after

getting the trial court's permission to appeal.") This case was not a plea-bargain case under that definition, and Rule 25.2's restriction on appeal did not apply.

But plea bargains, in the common meaning of the term, may be of many other kinds that do not involve agreed recommendations of punishment by the prosecutor. The most frequent may be a defendant's agreement to plead guilty in one case (without an agreement on punishment) in return for the dismissal of, or an agreement not to bring, prosecutions for other offenses. Other bargains may affect the punishment without coming within the Rule 25.2 definition of "plea bargain case." For example, the parties may agree that, in a case in which there might be an issue of a deadly weapon's being used (which would affect a defendant's eligibility for parole; see section 508.145(d) of the Government Code), the judgment will not include an affirmative finding of such use.

Today's decision insures that such plea-bargain agreements, even though they do not come within the definition in Rule 25.2, must be considered to have "constituted a bargain," as we said (*ante*, at 6). And, as we hold today, a defendant may voluntarily make such an agreement. It seems clear to me, although today's case does not involve the issue, that the State would be required to perform its part of the agreement. Issues of the trial court's authority to reject such agreements surely will arise, and the Rule 25.2 cases will provide guidance.


En banc.
Filed December 16, 2009.
Publish.